UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carol L. Wald,

    Plaintiff,

v.

Morris, Carlson, & Hoelscher, P.A., R.L.
Morris & Associates, P.L.L.C., and Lake
State Capital, LLC,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil File No. 09-CV-2286 (MJD/RLE)

---

Patrick L. Hayes, Marso and Michelson, P.A., Counsel for Plaintiff,

Richard M. Carlson, Morris Law Group, P.A., Counsel for Defendants.

---

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

At some time before September 4, 2008, Plaintiff incurred debt with Providian National Bank, which debt was later purchased by defendant Lake State. (Affidavit of Shane Gilbert ¶ 2.) Defendants allege that on September 11,

1

2003, Lake State, through its attorney, sent an initial validation notice letter to Plaintiff stating the amount owing on the account. (Id. ¶ 3.) Defendants allege that Plaintiff failed to respond to the validation letter within the thirty days. (Id.) Defendants further assert that Lake State, through its attorney, sent a follow up validation letter to the Plaintiff on August 4, 2008, and that Plaintiff also failed to respond to that letter within thirty days. (Id. ¶ 4.) The parties agree that Defendants sent and Plaintiff received a letter dated September 4, 2008, which stated, "If you [Plaintiff] do not address this [debt], our client may proceed with petitioning the court for Judgment." (Complaint, Ex. 1.) The letter further outlined the possible legal consequences to which the Plaintiff would be exposed should a court enter a judgment against her. (Id.) The parties further agree that the September 4, 2008 letter was sent with a Summons and Complaint. (Gilbert Aff. ¶ 5.) Plaintiff alleges the letter did not contain the requisite acknowledgement of service. (Complaint ¶ 13.)

Defendants allege that on September 16, 2008, Plaintiff's husband called Lake State's attorney to discuss a repayment schedule. (Gilbert Aff. ¶ 5.) Defendants further allege that on September 20, 2008, Plaintiff agreed to make $150.00 monthly payments, and actually paid $825.00 toward the debt as of

March 19, 2009.  (Id. ¶ 6.)  Defendants assert that no further action was taken to continue the lawsuit, including the perfection of service of the Complaint, due to the fact that Plaintiff had made the aforementioned payments.  (Id.)

### III. PROCEDURAL BACKGROUND

On August 27, 2009, Plaintiff commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff now moves for summary judgment, arguing that there are no genuine issues of material fact, and Plaintiff is entitled to judgment on her claims that Defendants wrongfully threatened to sue on a time-barred debt in violation of 15 U.S.C. § 1692e(2)(A), (5) and (10) and 15 U.S.C. §1692f, and that Defendants falsely implied that documents were legal process in violation of 15 U.S.C. § 1692e(13).

### IV. DISCUSSION

#### A. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(c).  "[I]n ruling on a motion for summary judgment, the

nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

The party seeking summary judgment has the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(1). "[I]f the [nonmoving] party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

Additionally, "[t]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 317. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. If the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment." *Id.* at 317–318.

### B. Requests for Admissions

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), "[a] matter is admitted unless . . . the party to whom the request was directed serves on the requesting party a written answer or objection . . . ." Fed. R. Civ. P. 36(a)(3). *See also Wiley v. A & K Auto Sales*, Civ. No. 06-4611 (DWF/AJB), 2008 WL 5244614, at *5 (D. Minn. Dec. 15, 2008) (finding that a request for admission is deemed admitted for purposes of summary judgment when the opposing party fails to respond). Furthermore, the Eighth Circuit has held, "[i]f facts that are admitted under Rule 36 are 'dispositive' of the case, then it is proper for the district court to grant summary judgment." *Quasius v. Schwan Food Co.*, 596 F.3d 947, 950-51 (8th Cir. 2010) (quoting *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966)); *Hartman v. Smith*, Civ. No. 09-01618 (MJD/RLE), 2010 WL 3735724, at *7 (D. Minn. Sept. 17, 2010). Requests for admission should not be used, however, to establish facts which answer questions of law. *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997).

Plaintiff asserts that Defendants did not respond to her requests for admissions. Among Plaintiff's requests were: that Plaintiff had not paid the debt in the six years prior to September 4, 2008; that Defendants had never obtained

proper service of process on Plaintiff; that Defendants did not have a judgment against Plaintiff for the debt; that Defendants had threatened to garnish Plaintiff's wages if Plaintiff did not settle the debt; and that Defendants had violated the FDCPA. (Hayes Aff. Ex. 1 at 8–9.) Because Defendants did not respond to her requests for admissions, Plaintiff argues such facts should be deemed admitted for purposes of this summary judgment motion.

Defendants assert the requested admissions should not be deemed admitted because the requested admissions seek factual admissions which answer questions of law. For example, Plaintiff asked Defendants to admit that it had violated the FDCPA in its attempt to collect the debt. (Hayes Aff., Ex. 1 at 8.) While an admission of this nature would be dispositive, it is an admission involving a pure matter of law and is thus inappropriate. *Lakehead Pipe Line Co.*, 177 F.R.D. at 458.

Plaintiff responds that one of her requests for admission clearly requests an admission of fact: that Plaintiff had not made a payment on the debt for more than six years prior to Defendants' September 4, 2008 letter. Thus, for purposes of this motion, such request should be deemed admitted.

The Court agrees that for purposes of this summary judgment motion, Plaintiff's request for admission that Plaintiff had not made a payment on the debt for more than six years prior to September 4, 2008 involves a factual issue – not an admission of law. Accordingly, such fact will be deemed admitted for purposes of this motion.

### C. Violation of the FDCPA

Plaintiff argues that Defendants violated the FDCPA when it threatened legal action on a time-barred debt. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of a debt." 15 U.S.C. § 1692e. A debt collector violates the FDCPA if it: (1) makes a false representation of the debt's character, amount, or legal status, 15 U.S.C. § 1692e(2)(A); (2) threatens to take any action that cannot legally be taken, §1692(5); (3) uses false and deceptive means in an attempt to collect a debt, 15 U.S.C. § 1692e(10); or (4) uses unfair and unconscionable means in an attempt to collect a debt. 15 U.S.C. § 1692f. Threatening to sue on a time-barred debt is a violation of the FDCPA. *Freyermuth v. Credit Bureau Services Inc.*, 248 F. 3d 767 (8th Cir. 2001) (absent threat of litigation, it is not a violation of the FDCPA to attempt to collect on a time-barred debt); *Kimber v. Federal Financial Corp.*, 668 F.

Supp. 1480, 1489 (M.D. Ala. 1987) (court held that threatening a suit on a time-barred debt violates 15 U.S.C. §§ 1692e(2)(A) and (10)).

Under Minnesota law, contract actions must be commenced within six years. Minn. Stat. § 541.05 (2008). As discussed above, the Court has deemed admitted that "Plaintiff has not made a payment on the underlying debt for more than six years prior to Defendant's September 4, 2008 letter to Plaintiff." (Hayes Aff., Ex.1 at 8.) Plaintiff thus asserts that litigation with respect to the debt at issue here is time-barred.

Defendants claim, however, that Plaintiff's failure to respond to the September 2003 and August 2008 letters validated the debt, therefore the debt is not time-barred. (Gilbert Aff. ¶ 3.) Such assertion is not supported by the FDCPA, which provides "[t]he failure of a consumer to dispute the validity of a debt under [15 U.S.C. § 1692g] may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. §1692g(c).

Defendants further assert that the statute of limitations had not run because Plaintiff began making payments on the debt in October 2008. The question before the Court, however, is whether the September 4, 2008 letter was a violation of the FDCPA. The fact that Plaintiff made payments in response to the

September 4, 2008 letter has no bearing on whether the debt was time-barred at the time Plaintiff received such letter.

Accordingly, based on the record, the Court finds that there are no genuine issues of material fact that at the time the September 4, 2008 letter was sent to Plaintiff, the underlying debt was time-barred. The Court further finds that because Defendants threatened to sue Plaintiff on a time-barred debt, Defendants violated §§ 1692e(2)(A), (5) and (10) and 1692f.

Lastly, Plaintiff alleges Defendants violated the FDCPA by falsely implying that the documents enclosed with the September 4, 2008 letter, the Summons and Complaint, were legal process. The FDCPA prohibits a debt collector from (1) making false representations or implications that documents are legal process, 15 U.S.C. § 1692e(13), and (2) the use or distribution of any communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, 15 U.S.C. § 1692e(9).

Plaintiff asserts that Defendants violated the FDCPA when it sent the Plaintiff, by mail, a Summons and Complaint without the acknowledgement of service required by the Minnesota Rules of Civil Procedure. Minn. R. Civ. P. 4.05

(2008) (requiring that service by mail include an acknowledgment of service to be effective).  Defendants did submit the affidavit of Shane Gilbert, an employee of R.L. Morris and Associates, PLLC, to which he stated that if a Summons and Complaint is sent by mail, an acknowledgment of service is always included. (Gilbert ¶ 7.)   There is thus a genuine issue of material fact as to whether Defendants violated the FDCPA by giving the false impression of legal process.

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 10] is GRANTED in part as to liability and DENIED in part as set forth in this Memorandum Opinion.  Additional briefing is necessary to determine damages.

Date:  November 15, 2010

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court
